Tilghman C. J.
If the defendant purchased at the sale, for taxes under an agreement, that the plaintiff should be equally concerned, he would be considered in equity as holding for the plaintiff and himself as tenants in common. If the defendant himself, therefore, were in the actual occupation of this land, the plaintiff, would' be entitled to partition. And if Menor came into possession as tenant of the defendant, the plaintiff’s right to a partition would remain unimpaired, because the defendant would still be seised of the freehold, the possession . of his tenant being his own possession. The President of the Court of Common Pleas was mistaken, therefore, in- saying, that the entry of Menor, supposing it to be under the defendant, ought to be considered as a possession adverse to the plaintiffs and amounting to an ouster; because the same equity which made the defendant a trustee, as to a moiety, for the benefit of the plaintiff, would operate on Menor. So that the possession of Menor would-, be considered as the possession of both the plaintiff and the defendant. What was the fact it is not for this Court to say: but it appearing, that the jury were misdirected in matter of law, I am of opinion, that the judgment should be reversed, and a venire facias de novo awarded;
Yeates J. was sick and absent.
Gibson J. concurred.
Judgment reversed, and a venire facias de novo awarded.